IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**RACHEL HANNAH**                                                                              **PLAINTIFF**

v.                              Case No. 4:23-CV-_____

**TYSON FOODS, INC.**                                                                          **DEFENDANT**

**ORIGINAL COMPLAINT**

COMES NOW Rachel Hannah, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against Tyson Foods, Inc., she does hereby state and allege as follows:

**I. PRELIMINARY STATEMENTS**

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)2 ("Title VII") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in her termination.

2. Plaintiff received inequitable treatment and an adverse employment action as the result of her sex, which is female; her race, which is Black; and in retaliation for making complaints about this treatment.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and ACRA, as described, *infra*.

**II. JURISDICTION AND VENUE**

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as the Title VII claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Texarkana Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. On information and belief, the records and other documents related to the practices that Plaintiff challenges are located in this District.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Miller County.

12. Plaintiff Rachel Hannah was hired by the Defendant on or about August 24, 2020 at their processing plant in Miller County, Arkansas.

13. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII and ACRA.

14. Defendant Tyson Foods, Inc. is a foreign for-profit corporation, registered and licensed to do business in the State of Arkansas.

15. Defendant's registered agent for service of process in Arkansas is C T Corporation System, which can be served at 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

16. Defendant is an "employer" within the meanings set forth in Title VII and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.  FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Plaintiff was hired by the Defendant at their Miller County processing plant on or about August 24, 2020.

19. On or about September 27, 2020, Plaintiff was promoted to Food Safety Quality Assurance Technician.

20. As a quality tech, Plaintiff's responsibility included performing physical and visual inspections of food products and plant systems, documenting the results of her inspections, and taking corrective action if non-conforming product was identified.

21. During her employment, Plaintiff was subjected to harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, on the basis of her sex, which is female, and her race, which is black.

22. After complaining to Defendant about this treatment, Plaintiff was retaliated against, and ultimately terminated on October 25, 2022.

23. As part of her job duties as a quality tech, Plaintiff had to identify non-conforming product and remove it from circulation.

24. When Plaintiff performed these job duties, she met with resistance or harassment. For example, production supervisors would move or mess with the non-conforming product she removed, which made it more difficult to remove her job.

25. When Plaintiff complained to the QA superintendent, a white male, about employees doing this, she was told that she brought it on herself and that if she didn't like it, she could complain to HR.

26. When Plaintiff contacted Defendant's HR department about this ongoing treatment, Defendant's HR employee, a white man, told her it was just words, and that he would coach her QA Superintendent regarding communication.

27. The harassment and discrimination continued, and Plaintiff began experiencing retaliation as a result of her complaints to HR about this treatment.

28. On or about August 2, 2022, Plaintiff was disciplined after her supervisors reported she was refusing to perform a two-bag quality inspection check, which was part of her duties as a quality tech.

29. After suspending Plaintiff from work, Defendant determined that Plaintiff's supervisor was misrepresenting her conversation with Plaintiff and that Plaintiff did not intentionally refuse to perform the two-bag quality inspection check. This exchange with Plaintiff and her supervisor was witnessed by one of Plaintiff's coworkers.

30. As a result, Defendant paid Plaintiff for her days on suspension and removed the disciplinary action from her file.

31. Plaintiff observed that other non-black, male employees were not treated the same way she was. For example, non-black, male employees were not intimidated or verbally harassed by their supervisors and they were not interfered with when they performed their job duties.

32. As a result of the ongoing harassment and discrimination Plaintiff experienced, she was terminated on October 25, 2022.

33. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted her administrative remedies.

## V.   FIRST CLAIM FOR RELIEF – Title VII Claims

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of 42 U.S. Code §2000(e)2.

36. Specifically, and as detailed above, Plaintiff was terminated as a result of ongoing racial discrimination, gender discrimination, and retaliation.

37. Defendant employs white males who were not subject to the same treatment that Plaintiff received during her employment.

38. As a result, Plaintiff was treated disparately from Defendant's white male employees.

39. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and gender, and in retaliation for her complaints.

40. The unlawful employment practices complained of above were and are intentional.

41. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of the Plaintiff.

42. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to, and she seeks, additional amounts as compensatory and punitive damages equal to the sum of her lost wages, benefits, and/or other compensation denied or lost to her by reason of Defendant's violations of Title VII, plus any interest she is entitled to for these causes, because Defendant's actions were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI.   SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of ACRA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. Defendant engaged in unlawful employment practices at their facility in Little Rock, Arkansas, in violation of Ark. Code Ann. § 16-123-101, *et seq*.

45. Specifically, and as detailed above, Plaintiff was terminated as a result of ongoing racial discrimination, gender discrimination, and retaliation.

46. Defendant employs white males who were not subject to the same treatment that Plaintiff received during her employment.

47. As a result, Plaintiff was treated disparately from Defendant's white male employees.

48. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and gender, and in retaliation for her complaints.

49. The unlawful employment practices complained of above were and are intentional.

50. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of the Plaintiff.

51. Pursuant to Arkansas Civil Rights Act as amended, Plaintiff is entitled to, and she seeks, additional amounts as compensatory and punitive damages equal to the sum of her lost wages, benefits, and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's actions were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rachel Hannah respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)2 and the related regulations;

(B) A declaratory judgment that Defendant's practices violate Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, and the related regulations;

(C) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)2, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(D) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E)     An order directing Defendant to pay compensatory and punitive damages to Plaintiff, along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F)     Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**Rachel Hannah, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:    Chris Burks (ABN: 2010207)
chris@wh.law