IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RACHEL HANNAH                                                                                    PLAINTIFF

v.                                    Case No. 4:23-cv-04008

TYSON FOODS, INC.                                                                                DEFENDANT

## ORDER

Before the Court is the parties' Joint Motion for Protective Order. ECF No. 15. The parties seek the entry of a protective order to assist in the protection of "information that is confidential to Plaintiff and Defendant and information regarding employees of Defendant." The parties have included their proposed protective order that they wish the Court to enter. ECF No. 15. Upon Review, the Court finds that good cause for the instant motion has been shown. However, the Court finds it prudent to add language requiring the parties to seek leave of court before filing any documents under seal. The parties' Joint Motion for Protective Order (ECF No. 15) is hereby **GRANTED**. The protective order is as follows:

It appearing to the Court that the Parties to this action, Plaintiff Rachel Hannah and Defendant Tyson Poultry, Inc. (erroneously sued as Tyson Foods, Inc.), by their respective counsel, have entered into a Stipulation for Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action. Therefore, in accordance with the parties' Stipulation for Protective Order, it is ORDERED:

1.       The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2.       The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

  a. Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; and compensation of Defendant's current or former personnel;

  b. Any documents from the personnel, medical or workers' compensation file of any current or former employee;

  c. Any documents relating to the medical and/or health information of any of Defendant's current or former employees;

  d. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

  3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "<u>CONFIDENTIAL</u>" or otherwise expressly identified as confidential. Each counsel will use his/her best efforts to limit the number of documents designated Confidential.

  4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

  5. Qualified recipients shall include only the following:

  a. In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

  b. Deposition court reporters and staff;

  c. Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

  d. Deponents during the course of their depositions or potential witnesses of this case;

    e.    The parties to this litigation, their officers and professional employees; and

    f.    The Court and the Court's personnel, including members of the jury, when Confidential Information is considered in conjunction with motions and responses or introduced into evidence at the trial of this action. Confidential Information submitted in support of motions and responses shall be submitted under seal.

6.    Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party shall inform the other in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7.    No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction; the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The party redacting the document containing Confidential Information will show the opposing party all proposed redactions at least three days prior to filing any Confidential Information with the Court. If the parties are unable to reach an agreement as to redactions, the party wishing to file the Confidential Information will file the complete document under seal. The confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The parties must seek leave of Court prior to filing any documents under seal.

10. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced, shall be obligated to either return it or provide notification that it has been destroyed.

12. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**IT IS SO ORDERED**, this 30th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge